UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,

       -against-

VILLAGE OF CROTON-ON-HUDSON,
New York,

                Defendants.

------------------------------------------------------x

**ORIGINAL**

07 Civ. ( ) **3805**

COMPLAINT

**Jury Trial Demanded**

    Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

    1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE OF CROTON-ON-HUDSON, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Village has adopted and enforces the following code provision, which provides in pertinent respect:

> "**§67-2 Distribution of handbills and other advertising materials.**
>
> A. Distributing matter without consent of occupant. No person shall enter upon any private premises in the Village of Croton-on-Hudson for the purpose of distributing any advertising matter, commercial handbill or commercial printed matter without the consent of the occupant of said premises previously given. No person shall throw, deposit or distribute any commercial handbill upon private premises except by handing or transmitting any such handbill directly to the owner, occupant or other person then present in or upon such private premises.

B. Exemption for mail and newspapers. The provisions of this section shall not apply to the distribution of mail by the United States or to newspapers. . .provided that the delivery of such newspapers has been requested by the owner or occupant of such premises and that newspapers shall be placed on private property in such manner as to prevent their being carried or deposited by the elements upon any street, sidewalk or other public place or upon private property."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Section 67-2 completely bans the placement of newsracks on public property within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Section 67-2 on its face constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises Section 67-2 has chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Declaring Section 67-2 of the Village Code violative of Plaintiff's First Amendment rights,

b. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

c. Permanently enjoining Defendant from enforcing as against Plaintiff Section 67-2 of its code,

d. Awarding such compensatory damages as the jury may determine,

e. Awarding reasonable attorney's fees and costs, and,

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 7, 2007

LOVETT & GOULD, LLP
By:_____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

4